UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RYAN ROTH, et al.** | : | |
| **Plaintiffs,** | : | |
| v. | : | Consolidated Case No. 1:20-cv-01622-DLF |
| **DONALD J. TRUMP, et al.** | : | |
| **Defendants.** | : | |

### JOINT MOTION TO EXTEND THE TEMPORARY STAY

Plaintiffs and Defendants in the above-titled action (collectively, the "Parties") respectfully move the Court to extend the temporary stay in this action for an additional 14 days.

As previously reported, the Parties have reached an agreement in principle to settle a significant portion of the case. Over the past month, the parties have made significant progress in their discussions, reaching full agreement on the substance of the settlement agreement. The Parties now anticipate that they can finalize and obtain appropriate signatures on the text of the settlement agreement within 14 days. The Parties recognize that the process of finalization has been lengthy, and the government is working diligently to secure settlement approval pursuant to the requisite process. The settling Parties are firmly committed to completing the process expeditiously and appreciate the Court's patience.

The Parties therefore request that this Court extend the stay in this action, including staying all pretrial deadlines, for an additional 14 days after entry of the [Proposed] Order so that the Parties can finalize and obtain the appropriate signatures on their agreement.

The Parties state the following in support of their motion:

1. On June 21, 2021, this Court granted in part and denied in part Defendants' motions to dismiss. ECF 159, 160. On the same day, the Court also granted in part and denied in part Defendants' motions to dismiss three other cases pertaining to the same incident—*Buchanan v. Trump*, No. 20-cv-1542; *Roth v. Trump*, No. 20-cv-1622; and *Kavanagh v. Trump*, No. 20-cv-2163.

2. Following the Court's decision, Plaintiffs were preparing to file a motion asking the Court to enter a Rule 54(b) final judgment on the Court's Order dismissing certain claims and parties or, in the alternative, seeking permission from the Court to appeal the dismissal of certain claims pursuant to 28 U.S.C. § 1292(b). Plaintiffs were also considering whether to move for leave to amend their complaint to try to restore certain claims in light of the Court's June 21 ruling.

3. Defendants asked the Plaintiffs in this case and the three related ones to consent to a stay so that the Parties can engage in meaningful settlement discussions. In response, all Plaintiffs agreed to Defendants' request in good faith. In so doing, Plaintiffs specifically relied on Defendants' express understanding that, should the settlement talks fail to resolve the case, Plaintiffs reserve the right to then file any motions pertaining to the dismissed claims. In agreeing to a stay, Plaintiffs further relied on representations from Defendants that none of them will use the delay occasioned by the stay (or the time spent seeking it) to contest the timeliness of any such motions or to argue that the filing of such a motion was at all untimely, undiligent, or delayed in any way. Defendants reserve their rights to oppose any such motions on other grounds.

4. On July 14, 2021, the Parties filed a joint motion to stay this action, including staying all pretrial deadlines, for 60 days. ECF 33. By minute order on July 14, 2021, this Court granted the Parties' joint motion to stay and ordered that the Parties file a joint status report by September 13, 2021. The Parties requested that the stay be extended several times throughout the

fall and winter because negotiations were progressing meaningfully and they believed further discussions would be fruitful. *See* ECF 35, 38, 40, 42. The Court granted each request.

5. On February 23, 2022, after months of negotiations, Plaintiffs in all four cases reached an agreement in principle with several of the Defendants in all four cases to settle a significant portion of the case. Therefore, on February 28, 2022, the Parties requested an additional 30 days to draft their settlement agreement, *see* ECF 44, which the Court granted. Having reached agreement on the substance of the settlement, the parties now anticipate that they can finalize and obtain signatures on the text of the settlement agreement within 14 days. All parties therefore request that the Court extend the stay of this matter so that this process may conclude. At that time, the parties who remain in the case anticipate they will be in a position to file with the Court a joint proposal for scheduling the next steps in this matter.

6. This Court has broad discretion to enter a stay incidental to its power to control its own docket—particularly where, as here, a stay would promote judicial economy and efficiency. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (internal quotation marks omitted).

7. Accordingly, the Parties jointly move this Court for an order staying this action for 14 days after entry of the [Proposed] Order—to and including April 13, 2022— at which time the Parties propose to file a joint status report on how to proceed. This stay will facilitate settlement efforts and prevent unnecessary expenditures of the Parties' and judicial resources.

8. The Parties agree that the relief sought in this motion is necessary to handle the case in the most economical fashion. The relief sought is not being requested for delay, but so that justice may be done.

9. The Parties jointly and respectfully request that the Court enter the attached [Proposed] Order.

                Respectfully submitted,

                REGAN ZAMBRI LONG PLLC

By:    /s *Patrick M. Regan*
        Patrick M. Regan       #336107
        pregan@reganfirm.com
        Paul J. Cornoni       #489398
        pcornoni@reganfirm.com
        Christopher J. Regan       #1018148
        cregan@reganfirm.com
        Emily C. Lagan       #1645159
        elagan@reganfirm.com
        1919 M Street, NW, Suite 350
        Washington, DC 20036
        PH: (202) 463-3030
        Fx: (202) 463-0667
        *Counsel for Plaintiffs*

        MATTHEW M. GRAVES, D.C. Bar No. 481052
        United States Attorney

        BRIAN P. HUDAK
        Acting Chief, Civil Division

        /s/ *Christopher C. Hair*
        CHRISTOPHER C. HAIR, PA Bar No. 306656
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-2541
        christopher.hair@usdoj.gov
        *Counsel for the United States*